## Owen, et al. v. Burks.

(Decided December 11, 1912.)

### Appeal from Hart Circuit Court.

1. Wills—Settlement of Accounts by Executor—Suit to Quiet Title —Character of Estate Taken Under Will.—A decedent provided in her will for a division of her property between her two sons devising to one in trust, but providing that upon the death of either before final distribution of the estate without leaving bodily heirs, his portion should vest in the survivor, and providing a certain disposition in the event both died without bodily heirs. In 1898 the executor made a final settlement of his accounts, and in a year or two the son to whom his part of the estate had been left absolutely, died unmarried and without issue. In an action by the surviving son, whose part of the estate was left in trust, alleging that appellants were claiming an interest in the land which had been conveyed in trust by the will, asserting in himself a fee simple title, and praying to have his title quieted and to be adjudged the owner, Held, That the surviving son took a defeasible fee in the property, subject to be defeated only by his death with a child or children surviving him, and

that appellants took no interest whatever under the will of the testatrix. The contingency in which appellants were to take the property did not occur and cannot occur for the estate has been finally settled, and no further provision having been made for the reversionary interest, as to it decedent died intestate, and this was inherited by the two sons, and appellee having taken a life estate and inherited the reversion, took a defeasible fee therein, subject to be defeated only by having a child or children living at the time of his death.

2. Wills—Sale of Land for Reinvestment.—It appearing that but little income is derived from it, and that the proceeds could be advantageously reinvested in Louisville where appellee lives, a sale and reinvestment of the trust estate was properly ordered, the title to remain in a trustee and held under the provision of the will.

McCANDLESS & LARIMORE for appellants.

WATKINS & CARDIN for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Mrs. Cleopatra Chapline died in Hart County in 1895, having first made her will; and the construction of that will is the only thing involved in this appeal. The third, fifth and sixth clauses thereof are as follows, to-wit:

"3. I give and bequeath to my brother Jordon Owen the sum of One Thousand Dollars, in trust for the use and benefit of my son Lee O. Burks to be held by said trustee and by him invested in real estate as soon as same can be properly done and advantageously done, and said land to be by him held as aforesaid in trust for the use and benefit of said Lee O. Burks, during his life and at his death to descend to his children should he leave any surviving him.

"5. It is my will and desire that after my death my executor shall sell all my personal estate and also the tract of land upon which I now live known as the home place, and that he shall sell same either publicly or privately as he may deem best and in order to enable him to carry out this provision, he is hereby vested with full power and authority to sell and convey said land by deed or deeds of conveyance with covenant of General Warranty in as full and ample a manner as I myself might or could do if present and acting in the premises, and it is my desire that the proceeds of the sales of said property and remainder of my estate from all sources

whatsoever shall be divided between my two sons, Lee
O. Burks and C. H. Burks in such manner as to give to
my said son, C. H. Burks ($900.00) Nine Hundred Dol-
lars more thereof than to my son Lee O. Burks for the
reason that my said son C. H. Burks has been denied the
educational advantages enjoyed by his brother, Lee O.
and has also given much of his time and attention to
caring for me in the long illness through which I have
passed, and it is my will and desire that the portion of
my said estate herein devised to my said son Lee O.
Burks shall be invested by the trustee aforesaid in real
estate to be held by him in trust for my said son during
his life and to descend to his children should any be
left by him at his death, but the Trustee, Jordon Owen
is not to be charged or become liable to pay any interest
on either of the funds herein set apart for the use of
the said Lee O. Burks or the said C. H. Burks during
the existence of said trusts.

"6.   It is further my will and desire that in the event
that either of my said sons Lee O. or C. H. Burks shall
die before the final distribution of my estate hereunder
without leaving bodily heirs, then the portion of such
decedent herein devised shall vest in the survivor, and
if both of my said sons shall so die without leaving bod-
ily heirs then I desire that one-half of the property
herein devised to them shall descend to my brother, Jor-
don Owen and the other half thereof to be equally
divided between my nieces Lizzie and Pearl Smith, Liz-
zie Owen, daughter of my brother David R. Owen and
my nephew Charles Smith."

She appointed her brother, Jordon Owen, executor,
and he as such, in March, 1898, made a final settlement
of his accounts.   Thereafter in 1900 or 1901, her son, C.
H. Burks died, never having been married and leaving
no child.   This suit was instituted by the appellee Lee
O. Burks, alleging that the appellants, Jordon Owen and
others, under the sixth clause of the will aforesaid were
claiming an interest in a tract of land which had been
conveyed in trust to Jordon Owen as his trustee under
his mother's will, and asserting in himself a fee simple
title therein, and praying the court to quiet his title as
against their claims and. to adjudge him the owner
thereof in fee simple; and praying in the alternative that
if the court was of opinion that his title to said property
might be defeated in the event he had a child surviving
him, that the property be sold and reinvested in prop-

erty in Louisville, where he lived, and setting up certain reasons why the reinvestment should be made.

To this petition the appellants, Jordon Owen and others, filed their answers, setting up their claim to a reversionary interest in the property under the above provisions of the will in the event that Lee O. Burks should die without a child surviving him. On a demurrer to these pleadings the lower court held that the appellee had a defeasible fee in the property, subject to be defeated only by his death with a child or children surviving him, and that the appellants had no interest whatever, under the will of the testatrix, in the property. The contingency in which the appellants were to take the property, to-wit, the death of both Lee O. and C. H. Burks before the final distribution of the estate, without leaving bodily heirs, did not occur and cannot now occur, for the estate has been finally settled; and the testatrix having made no further provision for the reversionary interest except in that contingency, that reversion was left in her, and as to it she died intestate; and at her death C. H. and Lee O. Burks inherited the same. Therefore, Lee O. Burks, having taken a life estate under the will and inherited the reversion from his mother in the property sought to be sold, took a defeasible fee therein, subject to be defeated only by having a child or children living at the time of his death. Alexander v. Dekermel, 81 Ky., 351; Pryor v. Castleman, 9 Ky. L. R., 967; Coats v. Yewell, 95 Ky., 368.

It appears that the appellee received very little income from the farm in Hart County and that its proceeds could probably be advantageously reinvested in the city of Louisville, where he lived; and the lower court properly ordered the sale of the farm and a reinvestment of the proceeds, the title to be taken to some trustee and held under the provisions of Mrs. Chapline's will.

Judgment affirmed.