CASE 64—PETITION ORDINARY—MARCH 8.

# Coots v. Yewell, &c.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. REMAINDER—TITLE IN ABEYANCE.—Under a conveyance to one for life remainder to his "children, heirs and legal representatives," the life tenant not having any children, the fee remained in the grantor, and upon his death vested in his heirs, and a conveyance from them to the life tenant vested in him the fee, subject to be defeated by his having children. The title did not remain in abeyance ready to vest in whoever might be the heirs of the grantor at the time of the death of the life tenant, and therefore a brother of the life tenant having united in the conveyance to him and afterward died before he died, the children of that brother are estopped by his conveyance to claim any interest in the land, as they take from their father and not from their grandfather.

2. SAME.—It was not the intention of the grantor to pass the fee to the heirs of the life tenant in the event he died without children.

SWEENEY, ELLIS & SWEENEY FOR APPPPELLANTS.

If the deed designates the persons who are to take the remainder upon the death of the life tenant, these persons alone can take under the deed; if it does not, the law of inheritance governs. This right of inheritance can not be from the life tenant who had no estate to transmit. It must be from Jeremiah Yewell, as we think, but in any event through him. Upon his death the contingent reversion in him descended to his children, and they might convey it. (Bohon, &c., v. Bohon, &c., 78 Ky., 408; Herbert's G'd'n v. Herbert's Ex'or, 85 Ky., 138; 2 Minor's Inst., 72-3.)

LITTLE & SON, POWERS & ATCHISON AND JOHN FELAND FOR APPELLEES.

John Yewell, the ancestor of appellees, never had any interest in the land in controversy after his father conveyed it to Sidney except the possibility of his being one of the persons, at the time of Sidney's death, who would meet the description of the remaindermen; but as the estate never vested in him under this contingency, he having first died, his contingency amounted to nothing; therefore his deed was never of any value either by way of actual conveyance or estoppel. (Truman v. White's Heirs, 14 B. M., 569; Rev. Stats., chap. 80, sec. 10; Gen. Stats., chap. 63, sec. 10; Blackstone, book 2, p. 107; Kent, vol. 4, p. 258; Washburne, vol. 1, p. 70; Idem, vol. 3, p. 94;

Bennett v. Taylor, 9 Cranch, 43; Dartmouth College Case, 4 Wheaton, 518; Encyclopedia of Law, vol. 21, Title Reversion; Williamson v Williamson, 18 B. M., 329.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Jeremiah Yewell, in December of the year 1840, executed a deed to his son Algernon S. Yewell, to a tract of land in Daveiss County "for and during his natural life, and the remainder in fee-simple to the children, heirs and legal representatives of the said Sidney, to have and to hold the said tract of land and appurtenances to the said Algernon Sidney Yewell for and during his natural life, and remainder in fee-simple to descend to and belong and appertain to the children, heirs and legal representatives of the said Sidney Yewell at his death as their absolute estate forever." His son Sidney, at the date of the conveyance, had neither wife nor children, and died childless without ever having had a child born to him. His father died before Sidney, and after the father's death his brothers and sisters, with a view of vesting in Sidney the fee, granted unto him by a regular conveyance all their right, title and interest, reversionary or otherwise, to this land. John Yewell, one of the brothers of Sidney, died before the latter, leaving children. Sidney, the life tenant, then died, and having sold and conveyed this land to the appellant, the children of John Yewell brought this action to recover their interest in the land, claiming to have derived title by descent from their grandfather, and that their father had no interest in it. The court below held that as John Yewell died before the life tenant (his brother) his (John's) children took from or through their grandfather and were entitled to recover as his heirs at law.

If the grandfather had survived his son John, the father of these children, in that event John's children would have inherited from their grandfather, because the title was in him, there being no one to take the remainder interest, but the grandfather was dead, leaving John Yewell one of his heirs together with his brothers and sisters, and they held the title in the same manner their father and the grandfather of their children held it during the continuance of the life estate. This was a contingent remainder in the children of the life tenant, supported by the life estate. There were no children living when the deed was made to Sidney, and none born, and therefore no title ever passed in remainder. The title, it is argued, was in abeyance, resting *in nubibus*, ready to pass to whoever might be the heir of the original grantor at the death of the life tenant, and upon this idea a recovery was permitted. Suppose the original grantor had survived the life tenant, and before the termination of the life estate had sold all his interest, reversionary or otherwise, to a stranger, would not the title have passed both by way of estoppel and because the failure of any-one to take the remainder left still in him the absolute fee? The grantor, however, died, and his interest passed to his heirs, and when they conveyed to the appellant did not their title pass in the same manner that it would have passed had the original grantor survived and made the conveyance before the death of the life tenant? They stood in his shoes, and a conveyance that would estop him would estop his heirs at law. These children of John do not inherit from their grandfather, but from their father. He took from his father and they from John, their father. The title did not pass from the

original grantor, because there was no one to take the remainder, and the title being with the grantor passed to his heirs at law, and John being one, the title to an interest was in him as heir, subject to pass from him on the happening of the contingency, viz., his brother Sidney having children. While this title was in John, the father of these appellees, he conveyed the land away, and there was nothing to pass to his children. The transition of the title was in abeyance ready for the remaindermen at the expiration of the life estate, or when coming into existence so as to take. The title in this case never left the original grantor, and when he died it passed to his heirs, and if he had sold this land instead of his children they could not have inherited it from him, as he and those under him would have been estopped to say that at the time he sold he had no title. Here is a contingent remainder created by deed. The title remains in the grantor until the contingency happens. It never did happen, and therefore the title remained in the grantor, and at his death passed to his heirs, and his heirs having sold the land their children are estopped from claiming.

Mr. Fearne says the title must remain in the grantor as there is no one to receive it. Where the devisee takes upon a contingency the title is in the heir, says Mr. Kent, subject to be defeated when the devise takes effect. (Kent's Com., vol. 4, p. 257.)

If a contingent remainder be created in conveyance by way of use the inheritance in the meantime remains in the grantor or his heirs, or descends to the heirs of the testator until the contingency happens. (Kent's Com., vol. 4, p. 257.) See Herbert's G'd'n v. Herbert's Ex'or, 85 Ky., 147.

In our opinion the recovery should have been denied; and the judgment is reversed, with directions to dismiss the petition.    (Pryor v. Castleman, 9 Ky. Law Rep., 967.)

To a petition for rehearing filed by counsel for appellees, Judge Pryor delivered the following response of the court:

While the court may have failed to understand the theory upon which the recovery was permitted below, still it presented the real question involved. It is claimed that the title passed out of the grantor at the date of the grant, A. S. Yewell taking a life estate and the remainder interest being in abeyance waiting for some one to come into existence who could take it. The life tenant had no children, and he could have no heirs, in a legal sense, until his death, and dying without children it is claimed that the title then in abeyance went to the heirs of the life tenant.

It is manifest the remainder went to the children and not to the heirs of the life tenant in the event he had no children. This is the plain purport of the deed—"remainder in fee-simple to descend to and belong and appertain to the children, heirs and legal representatives of the said Algernon S. Yewell at his death as their absolute estate forever." The words "heirs and representatives" had direct reference to the *children* of the life tenant, and the language of the conveyance does not in express terms or by fair inference authorize the conclusion that it was the intention of the grantor to pass the fee to the heirs of the life tenant in the event he died without children. It is a plain deed to one for life, remainder to his children, and the contention that the heirs of Algernon took as purchasers, in the event the life tenant died child-

less, is not warranted by the language of the instrument. They took nothing under the deed, and the real point involved is the one discussed in the original opinion, and presents an interesting question.

Petition overruled.