CASE 80—PETITION ORDINARY—APRIL 12.

# Louisville & Nashville Railroad Company v. Copas.

APPEAL FROM WARREN CIRCUIT COURT.

1. RAILROADS—INJURY TO CAR-COUPLER FROM IMPROPER LOADING OF CARS.—Where a car-coupler in the yards of a railroad company is injured in coupling cars as the result of the gross neglect of those whose duty it was to load the cars properly, the company is liable.

2. WHERE THE PLAINTIFF FAILS TO REPLY TO A PLEA OF CONTRIBUTORY NEGLIGENCE the defendant is entitled to judgment on the pleadings, although the plaintiff may by direct averment in his petition have negatived any negligence on his part. But if the case is tried as if the issue had been made, and the attention of the trial court is never called to the failure to reply, the right of the defendant to make any objection to the verdict and judgment against him on that account is waived.

3. A MOTION BY THE DEFENDANT FOR A NON-SUIT IS A DEMURRER TO THE EVIDENCE ONLY and does not require the court to examine the pleadings, although if the court is, upon such a motion, apprised of the defendant's right to a judgment on the pleadings, it should grant the motion. But where the motion is overruled this court must assume, in the absence of anything in the bill of exceptions to the contrary, that the attention of the trial court was not called to the condition of the pleadings.

J. A. MITCHELL FOR APPELLANT.

1. Defendant's motion for a peremptory instruction should have been sustained, because the affirmative allegations of the facts constituting

contributory negligence set up in the second paragraph of the answer are not denied. (Civil Code, sec. 126; Depp v. L. & N. R. Co., 12 Ky. Law Rep., 366; L. & N. R. Co. v. Schuster, &c., 10 Ky. Law Rep., 76; Owen & McKinney v. L. & N. R. Co., 87 Ky., 626; Favre v. L. & N. R. Co., 91 Ky., 541; Cahill v. Cincinnati, &c., R. Co., 92 Ky., 345; Cincinnati, &c., R. Co. v. Palmer, 13 Ky. Law Rep., 783; 12 Am. St. Rep., 75 and note; Maxwell on Code Pleading, p. 557.)

The pleadings as well as the evidence are to be considered upon a motion for a peremptory instruction. (Hall v. Durham, 10 N. E. Rep., 581; Adams v. Kennedy, 90 Ind., 318; Carver v. Carver, 97 Ind., 497; Wabash R'y Co. v. Williamson, 104 Ind., 154; White's Adm'r v. L. & N. R. Co., 15 Ky. Law Rep., 49.)

Cases explained and distinguished: Hopkins v. Cothran, 17 Ind., 173; Foley v. Alkire, 52 Mo., 317; Whitney v. Preston (Neb.), 45 N. W. Rep., 619; Cooper v. Davis Machine Co. (Kan.), 15 Pac. Rep., 235; Kepley v. Carter, &c. (Kan.), 30 Pac. Rep., 182; Carpenter v. Ritchie (Wash.), 28 Pac. Rep., 380.

2. The motion should have prevailed upon the testimony of the plaintiff, not only because he saw and knew that the steel rails projected beyond the end of the car, but also because he voluntarily went between the cars without order from his foreman or any one. (Brice v. L. & N. R. Co., 10 Ky. Law Rep., 526.)

The case of L. & N. R. Co. v. Robinson, 13 Ky. Law Rep., 153, distinguished.

B. F. PROCTER and EDWARD W. HINES for appellee.

1. A motion for a peremptory instruction is merely a "demurrer to the evidence," and while the court may upon such a motion look to the pleadings to see whom they entitle to judgment, it is not bound to do so. (Dallam v. Handley, 2 Mar., 423; Thompson v. Thompson, 17 B. M., 29; Wilsey v. L. & N. R. Co., 83 Ky., 516.)

2. The motion for a peremptory instruction not being equivalent to a motion for judgment upon the pleadings, the defendant waived its right to such a judgment by introducing evidence and by asking the court to instruct the jury upon the question of contributory negligence. (Hopkins v. Cothran, 17 Kan., 173; McAllister v. Howell, 42 Ind., 15; J. S. Keaton Lumber Co. v. Thompson, 144 U. S., 434; L. & N. R. Co. v. Taylor, 92 Ky., 55; Elliott on Appellate Procedure, secs. 480–482 and secs. 682, 687.}

3. In any event the right to a judgment, notwithstanding the verdict, was waived, because the defendant, instead of moving for such a judgment, moved for a new trial, which was inconsistent with the idea that it claimed the right to a judgment upon the pleadings. (Schieble v. Hart, 11 Ky. Law Rep., 607.)

Evans v. Stone, 80 Ky., 78, distinguished.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

We perceive no reason for reviewing this case for the alleged error in refusing to grant the peremptory instruction. The plaintiff had made out his case. In the discharge of his duty he had been seriously injured by reason of the gross neglect of those whose duty it was to load the cars properly, and could not by the exercise of the utmost diligence have avoided the injury inflicted by the projecting rails in the attempt to couple the cars.

The instructions made the company liable in the event the injury was the result of gross negligence on the part of the employes of the road, and the only question necessary to be considered arises from the failure of the plaintiff (appellee) to reply to the plea of contributory neglect. The plaintiff in his petition had by direct averment negatived any negligence on his part, still it was incumbent on the defense to rely by plea on such contributory neglect on the part of the plaintiff as brought about the injury, and but for which the accident would not have happened.

Here was affirmative matter that required a reply, and the defendant was entitled to a judgment on the pleadings. Was its right to such a judgment waived by failing to make a motion for such a judgment? It is not pretended that any reply was filed or offered to be filed, and, even upon the motion for a peremptory instruction, the court would have been compelled to sustain the motion, if apprised of the condition of the pleadings; but the court was not required to examine the pleadings for that purpose, unless some motion was made for a judgment on that ground.

A motion for a non-suit is a demurrer to the evidence

Louisville & Nashville Railroad Company v. Copas.

only, and where the bill of exceptions fails to show a motion for a judgment on the pleadings or that the court's attention was called to the failure to reply to the answer as one of the grounds for the motion, this court must necessarily assume that the motion for a non-suit applied alone to the evidence. The court below had no opportunity of passing on the question so as to determine the necessity for a reply, but on the contrary, instructions were asked by defendant, and given, as if the issue on the plea had been fully made up, and after verdict the motion for a new trial was based only on the usual grounds, and at no time was it claimed that the pleadings were so defective as to authorize a judgment for the defendant, the evidence sustaining the charge of negligence made by the plaintiff.

We can determine what took place below during the progress of the trial only from the record, and therefore can not assume that a demurrer to the evidence brought up the question as to the sufficiency of the pleadings. The case was tried as if the issue was made, and the right to a reply by the plaintiff to the answer waived.

Judgment affirmed.