Case 29.—ACTION BETWEEN E. D. BAXTER AND ANSON P. BRYAN FOR A CONSTRUCTION OF A DEED.—June 12.

## Baxter v. Bryan.

Appeal from Bourbon Circuit Court.

ROBERT L. STOUT, Circuit Judge.

Judgment for Defendant. Plaintiff appeals. Reversed.

Deeds—Conveyance by Father to Infant Son—Life Estate to Son—Remainder to Descendants—Construction—Estate Conveyed.—Where a grantor by deed conveyed to his infant son a life estate in land, with remainder to his descendants, reserving in the deed possession to the grantor until the grantee became twenty-one years of age, there was a contingent remainder created by the deed. The title was in the grantor until his death and upon his death passed to his son and only heir, who thereafter died childless, unmarried and intestate, therefore the contingency never did happen which would have passed the title in remainder, consequently at the death of the grantee the title to the land descended to his heir at law.

HOLMES & ROSS attorneys for appellant.

We maintain that Jefferson A. Bryan, the father, had an interest in the land at all times after this deed was executed, which he

could sell and convey, subject, of course, to the contingency of James Baxter Bryan's having descendants. This interest not having been conveyed by Jefferson A. Bryan during his life, descended to his heir James Baxter Bryan, who held same subject to be defeated by the contingency of his having children. He having died, unmarried, with the interest held by inheritance from his father, and with the possibility of having descendants removed, his heirs inherited the land, and not the heirs of his father.

### AUTHORITIES CITED.

Bohon v. Bohon, 78 Ky., 408; Coots v. Yewell, 95 Ky., 367; Kent's Commentary, 4th Vol., 257 and 286; Fearne on Remainders, 351, 360 and 363; Ency. of Law, 11th Vol., 367, (note); Bigley v. Watson, 38 L. R. A., 681; Herbert's Gdn. v. Herbert's Exr., 85 Ky., 134; Pryor v. Castleman, 9th Law Rep., 967; Washburn on Real Property, Vol. 2, 395; Alexander v. DeKermel, 81 Ky., 345; Craig v. Warner, 60 Am. Rep., 389; Flourney v. Flourney, 4th Bush, 519; Phillips v. Johnson, 14th Ben. Mon., 142.

McMILLAN & TALBOTT attorneys for appellee.

### AUTHORITIES.

1. A similar case in which this honorable Court adjudged that the title passed out of the grantor and subsequently reverted to his heirs at law is to be found in Bohon v. Bohon, 78th Ky., 408.

2. The case of Coots v. Yewell, 95th Ky., 367, simply adjudges that under that particular instrument all the title did not pass from the grantor, without over-ruling, doubting or questioning the conclusion reached in the Bohon case.

3. The Bohon case has not only not been over-ruled, but no prior case is inconsistent therewith and no subsequent case has doubted or called in question the views announced in the Bohon case.

OPINION OF THE COURT BY JUDGE SETTLE.—Reversing.

This is an appeal from a judgment of the Bourbon circuit court construing a deed executed by Jefferson A. Bryan to his son, James Baxter Bryan, March 4, 1896, whereby the latter was conveyed a valuable tract of Bourbon county land. The granting clause of the deed was as follows: "For and in consideration of the love and affection the first party has and enter-

tains towards the second party, who is the son of said first party, has bargained and sold and hereby grants and conveys unto the second party the following real estate. * * * "The habendum clause of the deed is in the following words: "To have and to hold the property aforesaid and its appurtenances unto the second party, James Baxter Bryan, for and during his natural life, with remainder at his death to his descendants in fee simple. * * * " The deed contained the further provision that "whereas the said James Baxter Bryan, is under the age of 21 years, the said Jefferson A. Bryan reserves to himself the possession, use and control of said property without accounting to the second party for such use until December 25, 1901, from and after which date the second party shall have the posesssion and use of said property. The first party warrants generally the property hereby conveyed." Not long after the execution of the deed in question the grantor, Jefferson A. Bryan, died intestate, survived by his son, James Baxter Bryan. The latter after coming into the possession of the land conveyed him by his father died in January, 1906, childless, unmarried, and intestate. The question presented for decison by the appeal is, did the title to the land conveyed by Jefferson A. Bryan to James Baxter Bryan upon the death of the latter go to his heirs at law, or revert to the heirs at law of the father? Or, in other words, where did the fee have its abode during the lives of the grantor and grantee—was it in the grantor, and did it descend to his heirs at law at his death subject to be defeated by the death of the grantee leaving issue, or did it remain in abeyance until the termination of the life estate by the death of the grantee, and by the failure of issue revert to the heirs at law of the grantor? The lower court took the latter view and adjudged that appellee, who is an heir at law of the grantor, was entitled to the land. Appellant as

heir at law of the grantee, and also a claimant of the land, complains of the judgment and by this appeal seeks its reversal.

The two leading cases in this State on this subject are Bohon v. Bohon, 78 Ky.408, and Coots v. Yewell, 95 Ky. 367, 16 Ky. L. R. 2; 25 S. W. 597, 26 S. W. 179. In the first it was held that an estate in fee may be made to pass out of the grantor so as to remain in abeyance pending the existence of the particular estate. Therefore a conveyance to the grantee for life and to their children forever, reserving in the grantor the right to control the property during her life, vested no interest in the heirs of the grantor upon her death before the termination of the particular estate. In Coots v. Yewell, supra, it was held that under a conveyance to one for life, remainder to his children, heirs, and legal representatives, the life tenant not having any children, the fee remained in the grantor, and upon his death vested in his heirs, and a conveyance from them to the life tenant vested in him the fee subject to be defeated by his having children. That the title did not remain in abeyance ready  to vest in whoever might be the heirs of the grantor at the time of the death of the life tenant, and therefore, a brother of the life tenant having united in the conveyance to him and afterwards died before he died, the children of that brother was estopped by his conveyance to claim any interest in the lands as they took from their father and not from their grandfather. Though apparently in conflict with Bohon v. Bohon, the opinion in Coots v Yewell did not overrule the former or refer to it. This was probably due to some real or supposed difference in the two deeds. But be that as it may, we are of opinion that the case at bar is controlled by the rule announced in Coots v. Yewell. In that case, as in this, there was a contingent remainder in the children of the life tenant supported by the life estate, in that case, as in this, no children were born to the

life tenant, and therefore no title ever passed in remainder. The following statement from the opinion in Coots v. Yewell will show this similiarity: "The title it was argued was in abeyance, resting in nubibus, ready to pass to whoever might be the heir of the original grantor at the death of the life tenant, and upon this idea a recovery was permitted. Suppose the original grantor had survived the life tenant, and before the termination of the life estate had sold all his interest, reversionary or otherwise, to a stranger; would not the title have passed both by way of estoppel and because the failure of any one to take the remainder left still in him the absolute fee? The grantor, however, dies and his interest passed to his heirs, and when they conveyed to appellant did not their title pass in the same manner that it would have passed had the original grantor survived and made the conveyance before the death of the life tenant? *** Here is a contingent remainder created by deed. The title remains in the grantor until the contingency happens. It never did happen, and therefore the title remained in the grantor, and at his death passed to his heirs and his heirs having sold the land their children are estopped from claiming it."

A concise statement of the rule, supra, is announced in Fearne on Remainders, vol.—, p. 351, as follows: "Where a remainder of inheritance is limited in contingency by way of use or by devise, the inheritance in the meantime, if not otherwise disposed of, remains in the grantor and his heirs, or in the heirs of the testator until the contingency happens to take it out of them." A more elaborate discussion of the question is found in volume 2, p. 20, of the same work. This doctrine is also approved by Judge Kent. Kent's Com. vol. 4, p. 257. We think the case at bar comes clearly within this rule. Jefferson A. Bryan, the grantor, by the deed exhibited, conveyed to his infant son, James Baxter Bryan, a life estate in the land,

with remainder to his descendants, reserving in the deed possession to the grantor until the grantee became 21 years of age. Obviously here is a contingent remainder created by deed. The title remained in Jefferson A. Bryan, the grantor, until his death, as the contingency provided for had not happened, and upon his death passed to the son and only heir at law, James Baxter Bryan, who thereafter died childless. Therefore the contingency never did happen which would have passed the title in remainder. Consequently at the death of James Baxter Bryan the title decended to appellant as his heir at law. If we are correct in this conclusion, it follows that the court below erred in adjudging appellee entitled to the land in controversy.

Wherefore the judgment is reversed.