## Crawley et al. v. Crawley et al.

(Decided December 3, 1929.)

HENSON & TAYLOR for appellants.

N. B. HUNT for appellee T. B. Crawley.

WORSHAM & KING for appellees D. S. and F. A. Johnson.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On April 17, 1884, Thomas B. Crawley executed and acknowledged the following conveyance:

"This indenture, made this 17th day of April, 1884, by and between Thomas B. Crawley, of the first part, and Thomas G. Crawley, P. A. Crawley, L. F. Crawley, M. W. Crawley, and C. L. Crawley, of the second part, all of the county of Henderson, and state of Kentucky, witnesseth: That heretofore, to wit on the —— day of ———, 18—, the party of the first part purchased at the sale of J. D. Davis a tract or parcel of land near Hebbardsville, Henderson county, Kentucky, containing 123 acres, which was deeded to him by the commissioner of the Henderson circuit court by deed of record in the Henderson county court clerk's office, to which deed reference is here now made for metes and boundaries, courses and distances, and all the parties to this deed holding the relation to each other as follows: First, their father, Thomas G. Crawley, and brothers and sister, and having lived together and to some extent aided the party of the first part in paying for said land, and being desirous of securing to said father, sisters and brothers, a home so long as they remain unmarried or live, and for the purpose of dealing justly in the premises, and for the further consideration of one dollar ($1.00) cash in hand paid, the re-

ceipt of which is hereby acknowledged, the party of the first part has bargained, sold and hereby conveys unto the party of the second part each for and during their life, or until they may respectively marry, for a joint home, the one-half of said tract or parcel of land, 61½ acres, to include the present residence or dwelling house, and to remain the home of any of the survivors or unmarried life of the parties of the second part, and including a remainder interest of one-fifth to the grantor, or party of the first part, and if any of the parties of the second part die leaving heirs of their body, then they to take, have, and hold the remainder interest of their ancestor, it being the intent, import, and meaning of this conveyance to invest the second parties with a home during their lives or unmarried state, and should any of the second parties at any time marry, his or her rights to a homestead in the premises shall immediately cease and end.

"To have and to hold the above described premises to them, the parties of the second part, with covenant of general warranty.

"In testimony I have fixed my name the date as above written."

Pattie A. Crawley and Mollie W. Crawley died several years ago intestate and without children. The record does not disclose whether L. F. Crawley and C. L. Crawley had children. Thomas G. Crawley died on January 11, 1921, intestate. Shortly thereafter Thomas B. Crawley and wife, Lucy M. Crawley, and C. L. Crawley, conveyed about one-half of the land to D. S. Johnson and F. A. Johnson. Thomas G. Crawley had children other than those mentioned in the deed of 1884, and grandchildren other than the children of the grantees mentioned in that deed, and this action was brought against them by D. S. Johnson and F. A. Johnson to quiet their title. Various pleadings were filed, but as they raised only a question of law they need not be set out at length. On final hearing the chancellor adjudged that none of the defendants have any right, title, or interest in the land, and entered a decree quieting the title of plaintiffs. The defendants appeal.

There is no room for the contention that the grantees in the deed of 1884 took a fee-simple title. The case is not one where the conveyance is to one and heirs of

his body, and therefore the estate one which is converted into a fee by section 2343, Kentucky Statutes. On the contrary, the case is one where the grantees take only a life estate with remainder to the heirs of their body, if any, and therefore falls within section 2345, Kentucky Statutes, providing that, "if any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendants." Eggner v. Hovekamp, 134 Ky. 224, 119 S. W. 818. It is apparent, therefore, that if appellants have any interest in the property it is derived through their father and grandfather, Thomas G. Crawley, one of the grantees in the deed. It is their insistence that, on the death of Pattie A. Crawley and M. W. Crawley without children, the two remainder interests passed to their father, Thomas G. Crawley, and that they are entitled to share, not only in these remainder interests, but in the one-fifth remainder interest, which passed on the death of Thomas G. Crawley to the heirs of his body.

We shall first determine whether it was ever intended that a one-fifth remainder interest should pass on his death to the heirs of the body of Thomas G. Crawley. The main purpose of the deed was to secure to the grantees a home. Thomas G. Crawley was then married, and clearly it was not intended to limit his right to a home during the time that he was unmarried. Not only so, but when the grantor came to dispose of the remainder interests he himself retained one-fifth, thus indicating that the remainders were to be fifths, and that only the heirs of the body of four other persons, to wit, the brothers and sisters mentioned in the deed, should take a remainder interest. We therefore conclude that on the death of Thomas G. Crawley no remainder interest passed to the surviving heirs of his body.

The only other question to be determined is whether or not, on the death of Pattie A. Crawley and M. W. Crawley, the remainder interests granted to the heirs of their body passed to their father, Thomas G. Crawley. The words "heirs of the body" mean "lineal descendants," and not heirs in the ascending line. Neither Pattie A. Crawley nor M. W. Crawley ever had any children. Thus at no time after the execution of the deed was there any person in existence who would take after their death.

That being true, the remainder interests which the heirs of their bodies would have taken, had they come into existence and survived their mothers, remained in the grantor, Thomas B. Crawley (Coots v. Yewell, 95 Ky. 367, 25 S. W. 597, 26 S. W. 179, 16 Ky. Law Rep. 2; Baxter v. Bryan, 123 Ky. 235, 94 S. W. 633; Bourbon Agricultural Bank & Trust Co. v. Miller, 205 Ky. 297, 265 S. W. 790), and passed by his deed to appellees, and did not go by inheritance to Thomas G. Crawley. It follows that the decree of the chancellor was proper.

Judgment affirmed.