Affirming.
In November, 1941, appellant and appellee entered into a written contract by the terms of which appellant agreed to purchase of appellee a certain tract of land in Bourbon County, Kentucky. By the terms of the contract appellant agreed to pay appellee a stipulated price per acre for the land after the survey had been made and the acreage ascertained, and appellee agreed to convey the land to appellant by a deed of general warranty sufficient to vest in appellant a good and merchantable fee simple title. In due course of time appellee executed and tendered to appellant a deed purported to convey a fee simple title, but appellant refused to accept the deed and pay for the land on the ground that appellee was not vested with a fee simple title and hence could not convey to him a fee simple title. Appellee, as plaintiff below, then brought this action in the Bourbon circuit court seeking a decree of the court requiring appellant to perform the terms of the contract.
Appellant filed his answer in which he admitted the contract and all material allegations of the petition, except *Page 370 
that appellee was able to convey to him a fee simple title in and to the land, and specifically denied that the deed tendered is sufficient to convey a fee simple title. In paragraph 2 of the answer appellant alleged that the tract of land in question was formerly owned by one W.W. Massie who died testate a resident of Bourbon county, Kentucky, and that under and by virtue of the terms of said will the real property of the testator, or that part from which the land here in question is derived, was devised to a trustee appointed under the will in trust for the use and benefit of W.C. Massie, a son of the testator, with remainder to the children or descendants of the body of W.C. Massie, and in the event W.C. Massie died without children or descendants of his body, prior to the death of Anna E. Massie, the surviving wife of the testator, then the remaining interest in the property was devised to Anna E. Massie; but there was no provision made in the will in the event Anna E. Massie died prior to the death of W.C. Massie; that W.C. Massie died without children or descendants of his body, and subsequent to the death of Anna E. Massie.
W.C. Massie died testate leaving a will dated December 8, 1921, a copy of which is filed with the record. After making certain specific bequests, the will, so far as is pertinent to the question here involved, reads:
 "I hereby nominate and appoint Security Trust Company of Lexington, Kentucky, Executor of this will, and authorize it to sell and convey any and all property owned by me, except that herein specifically bequeathed, for the purpose of paying my debts and funeral expenses and making final settlement and distribution of my estate. Said Executor may sell said property or any of it, either publicly or privately, or part of it publicly and part of it privately, at such time and on such terms as it may deem best; and its assignment or deed shall vest in the purchaser a complete and perfect title thereto."
After the death of W.C. Massie the Bourbon-Agricultural Bank and Trust Company, as guardian of Elizabeth Clark, filed suit in the Bourbon circuit court against the heirs of W.W. Massie in which it was alleged, in substance, that Elizabeth Clark was one of the heirs of W.W. Massie and that W.C. Massie died without heirs and subsequent to the death of Anna E. Massie, his *Page 371 
mother, and that Elizabeth Clark and the other heirs of W.W. Massie were the owners in fee simple of the lands devised to W.C. Massie by the will of W.W. Massie, and prayed a partition of said lands among the heirs of W.W. Massie.
In January, 1922, Edward H. Ingels filed suit against the Security Trust Company as trustee under the will of W.W. Massie and his heirs at law, in which there were made substantially the same allegations in reference to the wills and deaths of W.W. Massie and W.C. Massie and the heirship of the parties, as that set out in the suit of the Bourbon-Agricultural Bank and Trust Company, Guardian, v. W.W. Massie's Heirs, as stated above. It was further alleged that the Security Trust Company was holding certain personal property as trustee for W.C. Massie which passed to the heirs at law of W.W. Massie and should be delivered to these heirs by the trustee. In February, 1922, W.W. Massie's administrator de bonis non with the will annexed, filed suit against the heirs of W.W. Massie, the heirs of W.C. Massie, and the Security Trust Company in its various fiduciary capacities, wherein it was alleged that it was necessary to construe the wills of W.W. Massie and W.C. Massie to determine whether or not upon the death of W.C. Massie the property passed to the heirs of W.W. Massie or to the heirs of W.C. Massie. These various actions were consolidated and tried together, since both involved the same question; namely, the construction of the wills of W.W. Massie and W.C. Massie and to determine the question of whether the land devised by W.W. Massie to W.C. Massie, upon the death of the latter, descended to the heirs of W.W. Massie or to the heirs of W.C. Massie.
The Bourbon circuit court entered judgment adjudging that W.W. Massie died intestate as to the real estate and personal property held by the Security Trust Company as trustee or executor for W.C. Massie, and that in the event Anna E. Massie (widow of W.W. Massie) died prior to the death of W.C. Massie and the latter died leaving no children or descendents of his body surviving him, the real estate owned by W.W. Massie as to which he died intestate passed upon the statute of descent and distribution to his son, W.C. Massie. It was further adjudged that under the proper construction of the will of W.C. Massie he died intestate as to the interest in lands *Page 372 
which he received from his father, W.W. Massie, and that his landed estate passed to his heirs at law and that his personal estate passed to his executor for the benefit of his heirs at law. An appeal was taken from the above judgment to the Court of Appeals, which judgment was affirmed. See Bourbon Agricultural Bank Trust Co., Guardian et al. v. Miller et al., 205 Ky. 297, 265 S.W. 790.
Appellant further alleged that appellee acquired title to the tract of land here in question by deed of the Security Trust Company as executor of the will of W.C. Massie, and that said conveyance was executed pursuant to authority conferred upon the Security Trust Company by the will of W.C. Massie, and that by reason of the judgment of the Bourbon circuit court, which was affirmed by this court, appellee was not the owner in fee simple title to the property here in question.
Appellee demurred to paragraph 2 of the answer, which demurrer the court sustained, and appellant failing to plead further, the court entered this judgment:
 "1. That the Court is of the opinion that, under the proper construction of the will of W.C. Massie, the Security Trust Company, as executor of the estate of W.C. Massie, was given full and complete power to sell any or all of the real estate belonging to the estate of W.C. Massie;
 "2. That the conveyance from the Security Trust Company to Nannie Talbert Burris, filed as Exhibit 'D' with the Answer of the defendant herein, was sufficient to vest in the said Nannie Talbert Burris all of the right, title and interest of W.C. Massie and of the heirs of W.C. Massie in and to the real property described in the petition herein;
 "3. That the plaintiff is entitled to the relief which she asks in her petition herein, and the defendant, John D. Hertz, is hereby ordered and directed to accept the deed to the property described in the petition tendered to him, and is ordered and directed to specifically perform his part of the written contract filed as an exhibit with the petition herein and he is ordered and directed to pay to the plaintiff the sum of $250.00 per acre for the tract of land described in the petition, in accordance with the terms of the contract filed herein, and it is further ordered that the *Page 373 
plaintiff recover of the defendant her costs herein expended."
Appellant excepted and prayed an appeal to the Court of Appeals which was granted.
The sole question before us to be determined is whether or not the executor named in the will of W.C. Massie was vested with the right and authority to convey the real estate of W.C. Massie as to which he died intestate, including the land here involved. That the real estate of W.C. Massie, under the terms of the will of W.W. Massie vested in the heirs at law of W.C. Massie at his death, is no longer an open question, that question having been determined in the action of Bourbon Agricultural Bank Trust Co., Guardian, supra. The precise questions and issues involved in the Bourbon Agricultural Bank Trust Co. case, supra [205 Ky. 297, 265 S.W. 791], are thus stated in that opinion:
 "It is contended by appellants that by W.W. Massie's will he disposed of his entire estate in the property devised by the clauses of the will and codicil quoted above; that he died intestate as to none of same; that upon the death of William Charlton Massie childless subsequent to the death of his mother, Anna E. Massie, and the termination of the trust estate provided for in the will, there was a failure of devisees to take the contingent remainder; and that thereupon the estate of W.W. Massie passed as in cases of intestacy to the then heirs of W.W. Massie. It is contended by appellees that by the will and codicil testator did not devise his entire estate in the property in question; that he died intestate as to same; that upon his death the estate in the property in question which had not been devised by testator passed by inheritance to his son, William Charlton Massie, and, upon the death of William Charlton Massie, passed by inheritance to his heirs, the collateral kin of his father and mother, a moiety to each branch. The court below took the latter view of the question and entered judgment in accordance therewith. This appeal is prosecuted by the heirs of W.W. Massie who claim the entire estate."
After reviewing and discussing the wills involved and various authorities applicable thereto, it is further said in that opinion: *Page 374 
 "Following the precedents laid down in the authorities hereinbefore referred to, we hold that the fee remained in testator; that he died intestate as to same, and that upon his death it descended by inheritance from W.W. Massie to William Charlton Massie, the fee, however, being subject to be defeated by the happening of the contingency of his having children to take the contingent remainder. We hold that upon the death of William Charlton Massie, coincident with which ended the possibility of there ever being remaindermen to take the contingent remainder, the fee, freed of all incumbrances and contingencies, descended to William Charlton Massie's heirs, a moiety to the collateral kin of his father and a moiety to the collateral kin of his mother."
It is the contention of appellant that the language used in the concluding paragraph of that opinion means that since the landed estate of W.C. Massie descended to and vested in his heirs at law his executor, Security Trust Company of Lexington, was then divested of any authority as such executor under the will to convey the landed estate of the testator, W.C. Massie. This contention apparently is based upon this language contained in the quotation above: "* * * the fee, freed of all incumbrances and contingencies, descended to William Charlton Massie's heirs." We think the language last quoted was surplusage or an inadvertent statement of the writer of that opinion and should not be construed to mean that at the death of W.C. Massie the right and power of his executor to sell his landed estate as authorized by his will ended ipso facto. It is to be further noticed that the will of W.C. Massie in reference to the power and authority of his executor to sell his landed estate was not in issue in that case. The only question involved, as indicated in the statement of that opinion quoted above, was whether or not, at the death of W.C. Massie, the contingent remainder descended to the heirs of W.W. Massie only, or to the heirs of W.C. Massie, which, of course, included the heirs of W.W. Massie, and W.C. Massie's maternal heirs.
It is to be noticed that by the will of W.C. Massie he authorized his executor to sell and convey any and all property owned by him, except that specifically bequeathed, for the purpose of paying his debts and funeral expenses and makingfinal settlement and distribution *Page 375 of his estate. We think the language emphasized above clearly indicates that it was not the intention of the testator to limit the power of sale of his property, or a sufficiency thereof, to the payment of debts and funeral expenses, but intended to give the executor broad and general authority to settle and distribute his estate by selling same or the distribution of same in any way and manner the executor deemed proper. It is also to be noticed in the paragraph of the will copied above that the testator gave his executor power and authority to sell his property, or any of it, either publicly or privately at such time and on such terms as it may deem best, and its assignment or deed would vest in the purchaser a complete and perfect title thereto.
Counsel for the parties in their respective briefs cite no authority precisely in point with the question here involved, and admit that they know of none, nor has any been called to our attention. However, it is the well settled rule that a testator may authorize an executor or trustee to sell any or all property of a testator and distribute the same, and when this is done it is as effective as if it had been done by the testator himself.
We conclude, therefore, that even though the landed estate of W.C. Massie did vest in fee simple in his heirs, yet their title and rights therein and thereto were subject to the power of the executor of the testator to sell the property. We hold, therefore, that the Security Trust Company, as executor of the will of W.C. Massie, was empowered and had the right to sell and convey the property in question, and by its deed of conveyance to appellee she became invested with a good and fee simple title thereto, and her deed tendered to appellant is likewise sufficient to invest him with the same character of title.
Judgment affirmed.