## Clore, et al. v. Nichols, et al.

(Decided May 15, 1923.)

### Appeal from Boone Circuit Court.

1. Remainders—Successive Conveyance Held to Convey to Original Grantor Only Estate for Life of Others and Possible Reversion.— Where an owner of land had conveyed it to his wife for life, and after her death to his daughter for life, with remainder to the daughter's children, and in the event she died without children, the land to revert to the grantor, subsequent deeds by the grantor to a third person and by the third person and the grantor's wife and daughter to the grantor did not defeat the rights of the children of the daughter, but vested the grantor only with the

estates for the life of his wife and daughter and with the possible reversion in the event of the daughter's death without issue.

2.  Executors and Administrators—Estate for Life of Another Passes to Personal Representatives.—Under Ky. Stats., section 3861, estates for the life of another go to the personal representative of deceased, and the wife and daughter of deceased have no interest whatever in the lands held by such estate, not even as dower or homestead.

3.  Remainders—Life Tenants Who Convey to Decedent are Not Necessary Parties to Suit to Divest Title of Infant Heirs.—The title of infant heirs of a daughter of deceased, to whom the land was to go after the termination of the wife's and daughter's life estates, which they had conveyed back to deceased, can be divested only by suit in equity as provided by Civil Code of Practice, section 489, and in that suit neither the wife of deceased nor his daughter or her husband are necessary parties since they have no interest in the land.

S. W. TOLIN for appellants.

B. H. RILEY for appellees.

Opinion of the Court by Chief Justice Sampson— Affirming.

Noah Clore, who lived in Boone county, was the owner of a tract of 107¼ acres of land on which he lived in 1900. For some reason not explained he conveyed this land to his wife, Mary L. Clore, for and during her natural life, and at her death to his daughter, Effie Clore, for her life, and at her death to her bodily issue; but in case Effie should die without issue of her body, the land to revert to the grantor, Noah Clore, or his heirs. After this deed was placed of record, Noah Clore desired to reinvest himself with the title. In an effort to accomplish this he and his wife, Mary L. Clore, attempted to convey the lands by deed of general warranty to C. C. Clore. On the same day C. C. Clore and his wife, Sallie, joining with them Effie Clore, daughter of Noah Clore, executed a deed of general warranty to Noah Clore for all of said lands. In 1913 Noah Clore died. At the time of his death his wife Mary and daughter Effie were each living upon the tract of land mentioned in the deeds. At that time, however, Effie had married A. L. Nichols and they had three children. In November, 1921, this action was commenced by the widow, Mary L. Clore, and the daughter, Effie Clore Nichols, and her husband, A. L. Nichols, against the three infant children of Effie Nichols,

namely: Mary E. Nichols, Susan F. Nichols and Willa Nichols, setting forth the facts recited above, and praying a construction of the deed of Noah Clore to his wife for life, then to his daughter Effie for life, with remainder to the heirs of her body, and that the court declare the rights of the several parties to this action in and to the said lands.

The granting clause of the deed reads in part: "Does hereby bargain, sell and convey to the said Mary L. Clore for and during her life and after her death to her and my daughter, Effie Clore, for life and at her death to her bodily issue, but should the said Effie Clore die without heirs of her body, then said land shall revert to the grantor Noah Clore." Plainly Mary L. Clore, wife of Noah Clore, took merely a life estate. The daughter Effie took a life estate after the life estate of her mother had ended. The fee was deeded to the bodily heirs of Effie to take effect on the death of Effie. If Effie died without heirs of her body surviving the land passed to Noah Clore, if living, if not, then to his heirs. By the deed Noah Clore divested himself of all interest and title in and to the said lands except in the event of the death of his wife, Mary L. Clore, and the death of his daughter Effie without issue of her body. He had a possible reversionary interest. He could convey no greater interest than he had. His wife, Mary L., having only a life estate could convey no more. It follows therefore that the deed from Mary L. Clore and her husband Noah to C. C. Clore invested C. C. Clore with merely the life estate of Mary L. and such reversionary interest as was in Noah. When C. C. Clore and his wife reconveyed the property to Noah with his daughter Effie joining as a grantor Noah was reinvested merely with the life estate which he had conveyed to his wife, Mary L. Clore, and the life estate conveyed to his daughter Effie, and such reversionary interest only as he had as a result of the provision in the will that in case of the death of Effie without heirs of her body surviving the land should revert to Noah Clore. Soon after the execution of this deed to Noah Clore, Effie become the mother of three children, each of whom was living at the time of the death of their grandfather, Noah Clore, and are now living, so far as the record shows. These children are the holders of a defeasible fee in the said lands. When the widow, Mary L. Clore, and the daughter Effie conveyed their life estate to Noah

Clore he was invested with merely an estate *pur autre vie,* which under our statutes, section 3861, passed on the death of Noah to his personal representative and not to his heirs. Said section of the statutes reads:

"Estates held by a deceased person for life of another shall go to the personal representative of the deceased, and be assets in his hands, and be applied and distributed as the personal estate."

It follows from this that neither Mary L. Clore nor the daughter Effie have any interest whatever in the lands, not so much as dower or homestead. The life estate which they conveyed to Noah Clore in his lifetime passed at his death to his personal representative. Of course the personal representative might convert the life estate into cash, if there be cause to do so. There is no way of divesting the infants of title to the lands except by suit in equity, as provided by our Civil Code. To such an action neither Mrs. Mary L. Clore nor Mrs. Effie Clore Nichols, nor her husband, would be necessary parties, they having no interest whatever in the lands. The chancellor arrived at a similar conclusion and the judgment is affirmed.

Judgment affirmed.