## Crawford v. Hisle.

(Decided March 23, 1926.)

### Appeal from Madison Circuit Court.

1. Deeds—Conveyance by Father to Son of Life Estate, with Remainder to His Legal Heirs, Created Contingent Remainder, Vesting of Which Rested on Ascertainment of Legal Heirs.—Deed, conveying property by father to son for life and at his death to descend to legal heirs, held to create a contingent remainder, to vest when son's legal heirs were finally ascertained.

2. Remainders—Reconveyance by Son to Father After Father's Conveyance of Life Estate to Son with Contingent Remainder, Invested Father with Life Estate, and Father's Subsequent Conveyance to Son of Fee Simple Passed Only Life Estate.—Where father had conveyed life estate to son with contingent remainder, subsequent conveyance by son to father invested father with merely life estate, and his attempt to convey fee simple thereafter to son passed only a life estate, and grantee from son secured only life estate with original contingent remainder.

3. Deeds.—Remainder interest in property, conveyed by father to son for life and remainder to his legal heirs, cannot vest, but must rest in nubibus until son's death.

4. Vendor and Purchaser—Purchaser, Paying Purchase Price on Assumption that Vendor Owned Fee-Simple Estate, is Entitled to Equitable Relief, where Vendor Owned Only Life Estate.—Purchaser, paying part of purchase price on assumption that vendor was owner in fee simple of land sold, is entitled to equitable relief, where vendor owned only a life estate, value of which depended on vendor's age and other facts.

WALLACE & WIGGINS and J. P. CHENAULT for appellant.

STEPHEN D. PARRISH for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

In March, 1899, Willis Hisle and wife conveyed to their son, William H. Hisle, now appellee, in consideration of $3,754.97, as "advancement," a certain tract of land in Madison county, containing about 125 acres, the deed containing the following limiting clause: "Said conveyance is only intended to convey to William M. Hisle the land above described during his natural life and at his death to descend to his legal heirs; if the said William M. Hisle desires to sell the land above mentioned he is permitted to do so on the following terms and conditions: All the money arising from such sale is to be reinvested in other real estate on the same terms and conditions as above indicated, and it is hereby made the duty of the purchaser of said land to see that the money arising from such sale is reinvested as above stated."

This deed was duly recorded in the office of the clerk of the Madison county court in April, 1899; the son, now appellee, took possession of the land and occupied and used it for a number of years under the foregoing deed. In February, 1908, he sold the land to Robert H. Covington, and by and with the consent and acquiescence of the father, Willis Hisle, conveyed the land to Covington, the father making the following indorsement upon the original deed:

"The land described herein having been sold to Robert H. Covington and deed executed to him by my consent said land bringing $4,990.00, an excess of $1,235.03 over and above the purchase price and I now hereby release the entailment or requirement mentioned in this deed as to reinvestment of proceeds arising from said sale of land as far as the excess $1,235.03 is concerned but retained and hold the conditions and stipulations mentioned as far as the $3,754.97 original purchase price is concerned."

In 1919 William M. Hisle, grantee in the above mentioned deed, appellee herein, instituted an *ex parte* action in the Madison circuit court to obtain a construction of the terms of the foregoing deed, it being his contention that he was the owner of the fee-simple title to the lands,

but the court, on consideration of the record, entered a
judgment saying:

"The consideration upon which said conveyance
was based is love and affection and that the thing
conveyed was a life estate to the petitioner in the
land therein described as an advancement, valued at
$3,754.97, the same to be charged as an advance-
ment against the petitioner's interest in the pros-
pective estate of said Willis and Mattie Hisle as of
March 27, 1899, and that the petitioner has complied
with said conveyance the power to sell and convey
in fee simple the land supporting said life estate,
and that it is incumbent on the purchaser thereof to
see that all the purchase money realized and arising
from the sale of the land thus purchased is rein-
vested in life estate to the petitioner in other land
under the terms and condition set out in the deed
above mentioned with remainder to the 'legal heirs'
of the petitioner. The court is of the opinion and
accordingly adjudges that the indorsement made by
said Willis Hisle, February 4, 1908, on the margin
of the aforesaid deed of record in the office of the
clerk of the Madison county court is without legal
effect."

Later appellee, William M. Hisle, owner of the life
estate, by deed reconveyed the life estate owned by him
to his father, and the father assuming to own a fee at-
tempted to reconvey to the son a fee-simple title to the
land, it being the opinion of the parties that the fee
simple title could thus be invested in the son. Later ap-
pellee sold and conveyed the lands so held by him to ap-
pellant, John F. Crawford, for $13,000.00, Crawford pay-
ing $2,000.00 cash and executing his notes for the balance,
and when the notes became due Crawford failed to pay
a balance and William M. Hisle brought this action in the
Madison circuit court upon one of the notes for $3,667.00,
which was due and unpaid, and another note for $664.16,
which is also unpaid, praying judgment and asking the
enforcement of a lien against the property to secure the
payment. Crawford answered and admitted the pur-
chase of the land and the execution of the notes but aver-
red he had already paid $10,278.00 on the land and that he
was not indebted in any sum to the plaintiff for the
reason that the plaintiff, Hisle, had represented to him
that he, Hisle, was the owner of the fee-simple title to all

the lands attempted to be conveyed and had executed and delivered to him a deed of general warranty for the lands; that appellant relied upon the representations made by Hisle as to his title, but that they were false and untrue, as he afterwards learned, and known to be such by Hisle at the time he made them; that appellee, Hisle, owned only a life estate in the lands with remainder in his legal heirs; that the false representations were made by Hisle to Crawford for the purpose of defrauding him and to induce him to purchase the land in fee at the time when Hisle only owned a life estate therein. Further pleading, Crawford in his answer set up and relied upon the terms of the original deed limiting the estate to William M. Hisle and averred that under the deed William M. Hisle took only a life estate with remainder to his legal heirs and that his legal heirs could not be determined or known until the death of William M. Hisle; that the reconveyance of the life estate owned by William M. Hisle to his father, the grantor, and the attempted reconveyance by the father of the fee-simple estate of the same lands to the son, William M. Hisle, was ineffectual to vest the son with the fee-simple title. Crawford further pleaded that he had made valuable and lasting improvements upon the lands and prayed that the petition be dismissed, and Hisle be required to make him a good deed to the lands or that Hisle be required to reinvest the sums of money already paid on the lands with the amount of the note sued on in other lands under the provisions, conditions and limitations set out in the original deed from the father to William M. Hisle; that if this could not be done that the contract of purchase and sale of the lands be rescinded and Hisle required to refund to Crawford the sum of $10,278.00, less reasonable rents, plus $800.00 for permanent improvements; or that Crawford be adjudged damages in the sum of the difference in the value of the life estate of Hisle and the fee-simple value of the lands at the time of sale, $13,000.00, calculated according to the mortality tables, at the plaintiff's age at that time, less reasonable rental value of the lands, plus the value of permanent improvement and for a sale of the life interest of Hisle in the lands to satisfy the judgment. Crawford made the deed from the father to Hisle and the several other deeds passing between them, parts of his answer and filed them as exhibits.

The cause being submitted the court adjudged that under and by the deed of January 6, 1920, from Willis and Mattie Hisle, the father and mother,. to appellee, William M. Hisle, the latter acquired an absolute title in fee simple to the tract of land therein described and- conveyed, and that William M. Hisle by his deed of March 4, 1920, conveyed the tract of land to Crawford in fee simple and adjudged Hisle entitled to the relief prayed. From this judgment Crawford appeals.

The fundamental question on this appeal is whether appellee, Hisle, was the holder of the fee-simple title to the lands which he attempted to convey to appellant, Crawford, or was merely the owner of a life estate therein, with remainder to his legal heirs, and this depends upon the effect to be given the deed made by the father, Willis Hisle, to appellee, William M. Hisle, and the conveyance by William M. Hisle to the father, of the life estate and the attempted conveyance by the father of the fee-simple title back to the son. There can be no doubt that the father of William M. Hisle by his deed of March 27, 1899, conveyed to his son, appellee, William M. Hisle, only a life estate with remainder to the legal heirs of William, for the language is plain and the intention of the grantor manifest. Having conveyed to the son a life estate with remainder to his legal heirs, the question arises, can the father by a subsequent conveyance vest in the son, the life tenant, title which he had theretofore conveyed to the legal heirs of William M. Hisle? Manifestly the father by his deed divested himself of all title to the lands, a life estate vesting in the son, William M. Hisle, and the remainder in the legal heirs of William M. Hisle when ascertained, but as the legal heirs of William M. Hisle were unknown and cannot be known until his death, it is insisted that the title in remainder, which must rest somewhere, continued in the father, the original grantor, and being so could be conveyed by him to his son or to whomsoever he would, but this it seems is illogical as well as contrary to settled principle. The deed of the father to the son created a contingent remainder, the vesting of the remainder resting upon the contingency of who are finally ascertained to be the "legal heirs" of William M. Hisle. It was held in the case of Coots v. Yewell, 95 Ky. 367, that a conveyance to one for life with remainder to his children, heirs and legal representatives, the fee remained in the grantor in the absence of children by the

grantee, and upon the death of the grantor, vested in the heirs of the grantor, and conveyance from the heirs of the grantor to a life tenant vests in the life tenant the fee subject to be defeated by such tenant having children. It was further held that the title did not remain in abeyance ready to vest in who might be the heirs of the grantor at the time of the death of the life tenant. In the case of Clore v. Nichols, 199 Ky. 583, the deed contained this clause: "Does hereby bargain, sell and convey to the said Mary L. Clore for and during her life and after her death to her and my daughter, Effie Clore, for life, and at her death to her bodily issue, but should the said Effie Clore die without heirs of her body, then said land shall revert to the grantor Noah Clore," and we held the wife took only a life estate, and the daughter, Effie, took a life estate after the life estate of her mother ended. The fee was deeded to the bodily heirs of Effie, to take effect on the death of Effie. If Effie died without heirs of her body surviving, the land passed to Noah Clore, if living, if not, then to his heirs. By the deed Noah Clore divested himself of all interest and title in and to the lands except in the event of the death of his wife, Mary L. Clore, and the death of his daughter Effie without issue of her body. He had a possible reversionary interest. He could convey no greater interest than he had. His wife, Mary L., having only a life estate, could convey no more. It follows, therefore, that the deed from Mary L. Clore and her husband Noah to C. C. Clore invested C. C. Clore with merely the life estate of Mary L., and such reversionary interest as was in Noah. When C. C. Clore and his wife reconveyed the property to Noah with his daughter Effie joining as a grantor Noah was reinvested merely with the life estate which he had conveyed to his wife, Mary L. Clore, and the life estate conveyed to his daughter Effie, and such reversionary interest only as he had as a result of the provision in the will that in case of the death of Effie without heirs of her body surviving the land should revert to Noah Clore. It would seem that when one conveys to another an estate in lands for life with remainder to his legal heirs that the grantor fully and finally divests himself of all title and interest in the lands and can no more convey, control or change the remainder title or the title which he has vested in remainder than can any other person, he being in the same attitude to the title as if he had conveyed and attempted to convey the fee simple, except

that where a father conveys to the son a life estate with remainder to his legal heirs there is a possibility that the father may outlive the son and thus become one of his legal heirs in the absence of children by the son; but this is a mere contingency and if conveyed could do no more than estop the father to assert title in himself to any portion of the land after the death of the son, childless. Coots v. Yewell, *supra;* Bourbon Agricultural Bank & Trust Co. v. Miller, 205 Ky. 297. The deed, therefore, from William M. Hisle, the son, to Willis Hisle, the father, conveying the life estate deeded to William M. Hisle by the father, invested the father with merely the life estate held by William M. Hisle and no more. When, therefore, the father attempted to convey to the son, William M. Hisle, the fee-simple estate in the same land his deed passed only a life estate to the son, William M. Hisle. Appellee, William M. Hisle, was the owner of a mere life estate in the lands which he had attempted to convey to appellant, Crawford, and his attempted conveyance of a fee in the lands to Crawford was effectual to convey a life estate only, the remainder to pass to his "legal heirs." At the time of the making up of the record in this case the father, Willis Hisle, as well as the son, William M. Hisle, were living, and the son, William M. Hisle, is the father of several children, some adults and others infants. It is said in 23 R. C. L., page 551:

> "A remainder to the heirs of the life tenant is generally a contingent remainder, for, there being no heirs to a living person, until the termination of the life estate no one can claim as the heir of the life tenant. The case is similar where the remainder is limited to the heirs of a third person. Thus, in case of a conveyance to A for life remainder to the right heirs of B, who is living, inasmuch as *nemo est haeres viventis,* and until B's death it cannot be known who his heirs will be, and he may die before A, the remainder is contingent. Where an estate is limited to the wife of the grantor for life with remainder in fee to the heirs of the bodies of the husband and wife, since it cannot be known who will answer to the description of their heirs until the death of the life tenant, or whether, indeed, there will be any persons at all answering that description, the remainders are contingent."

Anciently is was said that a remainder was in abeyance and the inheritance was figuratively said to rest *in nubibus* or *in gremio legis,* which means in the clouds; in the custody of the law; in the air, sea or earth. Some of the old illustrations are about as follows: If A be granted a life estate with remainder to the heirs of B, B being alive, has no heirs till his death, and, consequently the inheritance is considered as resting *in nubibus,* or in the clouds till the death of B, when the contingent remainder either vests or is lost and the inheritance goes over.

After observing that it is difficult to determine who held the title under certain conditions where a remainder was questioned, this court in the case of Howell v. Ackerman, 89 Ky. 22, observed; "If not in the heir at law of the testator, subject to pass to whoever may be the heirs technically of the life tenant at her death, then it is *in nubibus.*" The persons who were to become the "legal heirs" of William M. Hisle, he having several children, were perhaps in existence at the time of the making of the deed in 1899, but they cannot be certainly known until the death of William M. Hisle. The life estate is vested in William M. Hisle, but the remainder interest, being contingent upon who may be the "legal heirs" of William M. Hisle, cannot vest. 23 R. C. L. 548, et seq.

It follows from what has been said that appellant, Crawford, was entitled to equitable relief against appellee, Hisle. The value of the Hisle life estate depends upon his age and other facts. Its value may be altogether insufficient to reimburse Crawford with the money he has paid upon the purchase price of the land.

For the reasons indicated the judgment is reversed and the lower court afforded an opportunity to ascertain the facts and to adjudge appellant, Crawford, that form of relief which will be most adequate and which will be the least detrimental to appellee, Hisle, when all the facts and circumstances are known and considered.

Judgment reversed. Whole court sitting.